[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT#213
In the eighth count of the amended complaint, the plaintiff alleges that the building inspectors, Teodisio and Nickelsberg, were negligent in the performance of their official duties. In the ninth count, the plaintiff alleges that Paupini, the zoning enforcement officer, was negligent in the performance of his official duties. The plaintiff makes similar allegations against Witek, the city engineer, in the tenth count. The issuance of building permits and certificates of occupancy is a governmental function performed for the benefit of the public. Steiger v. Townof Old Lyme, 12 Conn. L. Rptr. 171, 186-88 (February 25, 1994, Austin, J.); Prestia v. Zajac, 7 Conn. L. Rptr. 354, 355 (September 15, 1992, Spada, J.). The enforcement of zoning regulations is a governmental function performed for the benefit of the public.Maier v. Tracy, 7 Conn. L. Rptr. 292 (August 25, 1992, Fuller, J.). See also Evon v. Andrews, 211 Conn. 501, 506 (1986) (the enforcement of health, housing and fire codes is discretionary as a matter of law). Because the acts complained of are governmental in nature and were performed for the direct benefit of the public, these municipal defendants are immune from liability pursuant to the doctrine of governmental immunity. Accordingly, the municipal defendants' motion for summary judgment is granted as to the eighth, ninth and tenth counts of the amended complaint.
In the thirteenth count, the plaintiff asserts a CUTPA claim against the City based on the negligent acts and omissions of its officials as alleged in the eighth, ninth and tenth counts. CUTPA does not apply to municipalities and local public agencies.Connelly v. Housing Authority, 213 Conn. 354, 363 (1990); Stratfordv. Siciliano, 9 Conn. L. Rptr. 507, 508 (August 6, 1993, Leheny, J.); French v. Wallingford Board of Education, 3 Conn. L. Rptr. 59
(February 20, 1990, Berdon, J.). Because the plaintiff cannot assert a CUTPA claim against the City, there can be no genuine issue of material fact which would prevent the court from disposing of the plaintiff's claim on a motion for summary judgment. CT Page 11390 Accordingly, the municipal defendants' motion for summary judgment; is granted as to the thirteenth count of the amended complaint.
The municipal defendants' motion for summary judgment is denied as to the eleventh count. While the plaintiff has failed to allege that it complied with the notice requirement contained in General Statutes § 7-465, the municipal defendants have failed to produce any evidence which demonstrates that they did not receive notice from the plaintiff. Thus, a genuine issue of material fact exists with respect to the notice issue.
Ordered accordingly
FORD, J.